IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK W. ARENDT,

                Plaintiff,

  v.

WINONA AGENCY, INC.,

                Defendant.

ORDER

18-cv-139-jdp

---

      Defendant Winona Agency, Inc., hired plaintiff Patrick W. Arendt as an insurance salesperson. Earlier this year, Arendt was fired. He filed suit in Wisconsin state court seeking a declaratory judgment that certain restrictive covenants in his employment contract are void and unenforceable. Dkt. 1-3. Winona removed the case to this court under 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, invoking this court's diversity jurisdiction. Dkt. 1. Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct Winona to file an amended notice of removal containing the necessary allegations.

      "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Here, Winona alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. For the latter to be true, however, Arendt cannot be a citizen of the same state as Winona. *Smart*, 562 F.3d at 803. The allegations regarding the Arendt's citizenship is insufficient to allow the court to determine whether this is the case.

Winona alleges that Arendt resides in Wisconsin. But this allegation does not establish Arendt's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Winona will need to amend its notice of removal to properly allege Arendt's citizenship.

Before dismissing this action for lack of subject matter jurisdiction, the court will allow Winona to file an amended notice of removal that establishes subject matter jurisdiction by alleging Arendt's citizenship. This is a matter that could be resolved promptly with the cooperation of Arendt's counsel, which the court will expect.

ORDER

IT IS ORDERED that:

1. Defendant Winona Agency, Inc., may have until March 14, 2018, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered February 28, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge